**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MARK YANDOW,
Plaintiff,
v.
FORD MOTOR COMPANY, et al.,
Defendants.

Case No. 5:25-cv-08174-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS**

[Re: ECF No. 13]

Defendant Ford Mord Company ("Ford") moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to claims 1, 2, 3, 4, and 6 of the complaint, *see* ECF No. 1-1 ("Compl."). ECF No. 13 ("Mot."); ECF No. 20 ("Reply"). Plaintiff Mark Yandow opposes the motion. ECF No. 14 ("Opp."). The Court heard oral argument on the motion on June 18, 2026. ECF No. 31. After the hearing, the Court requested supplemental briefing regarding "whether the reasonableness of time to bring a claim following section 871.21's passage is measured from the date of enactment or the statute's effective date and whether the issue is a question of law or question of fact." ECF No. 32. Both Parties timely filed supplemental briefs. *See* ECF No. 35 ("Pl. Suppl."); ECF No. 36 ("Def. Suppl.").

For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The complaint alleges as follows. Plaintiff purchased a 2018 Ford F-150 on November 21, 2018. Compl. ¶ 7. As part of his purchase, he received an express warranty from Ford. *Id.* ¶ 8; *see also* Compl. Ex. A. On March 24, 2025, Plaintiff filed this action against Defendants Ford and Tim Razzari Ford Motor Company in the Santa Clara Superior Court under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, and state common law.

The complaint alleges the following claims against Ford: (1) failure to timely replace the vehicle or make restitution in violation of Cal. Civ. Code § 1793.2(d), (2) failure to timely repair the vehicle to conform with the applicable warranties in violation of Cal. Civ. Code § 1793.2(b), (3) failure to make available sufficient service literature and replacement parts to effect repairs during the express warranty period in violation of Cal. Civ. Code § 1793.2(a)(3), (4) breach of implied warranty of merchantability in violation of Cal. Civ. Code §§ 1791.1, 1794, 1795.5, (5) negligent repair, and (6) fraudulent concealment. Compl. ¶¶ 39–78. The complaint alleges that "[t]o the extent there are any statutes of limitation applicable to Plaintiff's claims—including, without limitation, the express warranty, implied warranty, and negligent repair—the running of the limitation periods have been tolled by, *inter alia*, the following doctrines or rules: equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling." *Id.* ¶ 36.

Defendants removed the action to this judicial district on September 25, 2025, *see* ECF No. 1, and subsequently moved for judgment on the pleadings.

## II. LEGAL STANDARD

The standard for a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997). A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Special Dist.*

*Risk Mgmt. Auth. v. Munich Reinsurance Am., Inc.*, 562 F. Supp. 3d 989, 994 (E.D. Cal. 2021); *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Dismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency. *Harris v. County of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

## III. DISCUSSION

### A. Song-Beverly Act

Ford argues that the Song-Beverly claims are time-barred by California Code of Civil Procedure § 871.21, which Ford contends sets forth a statute of limitations and statute of repose. Mot. at 4–10. Plaintiff responds that section 871.21 cannot be applied to bar his claims because this would be an improper retroactive application of the law and that, in any case, section 871.21 either does not apply to his claims or is subject to equitable tolling in this case. Opp. at 4–11. In reply, Ford argues that Plaintiff had a reasonable time in which to file suit before the statute took effect. Reply at 6.

"In California, statutes of limitations, being procedural, are normally retroactively applied to accrued causes of action." *Aronson v. Superior Ct.*, 191 Cal. App. 3d 294, 297 (1987). However, courts "must inquire whether, in a given case, that retrospective application may violate due process by in effect eliminating the plaintiff's right." *Id.* Accordingly, "[l]egislation that shortens a limitations period . . . is applied retroactively to preexisting causes of action, so long as parties are given a reasonable time in which to sue." *Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Emp. Rels. Bd.*, 35 Cal. 4th 1072, 1091–92 (2005); *see also Niagara Fire Ins. Co v. Cole*, 235 Cal. App. 2d 40, 43 (1965).

Enacted on September 29, 2024, and effective as of January 1, 2025, section 871.21 provides as follows:

> (a) An action covered by Section 871.20 shall be commenced within one year after the expiration of the applicable express warranty.
>
> (b) Notwithstanding subdivision (a), an action covered by Section 871.20 shall not be brought later than six years after the date of original delivery of the motor vehicle.

Cal. Civil Code § 871.21(a), (b).

United States District Court
Northern District of California

Ford argues that Plaintiff was required to file his Song-Beverly claims no later than November 21, 2024, *i.e.*, six years after he purchased the vehicle and one year after the expiration of his express warranty. *See* Mot. at 6. This argument necessarily involves a retroactive application of California law because it would apply a statute that went into effect on January 1, 2025, to bar Song-Beverly claims filed after November 21, 2024. Ford nonetheless argues that Plaintiff "had a reasonable time in which to avail himself of the remedy before the statute took effect" because it was enacted on September 29, 2024. Reply at 6. The Court disagrees.

California law is well-settled that the "issue of reasonable time" for a party to avail themselves of a remedy before the statute cuts off a right "is a question of law." *Comm. for Sound Water & Land Dev. v. City of Seaside*, 79 Cal. App. 5th 389, 404 (2022) (citation omitted). At oral argument and in a subsequent order, the Court requested supplemental briefing as to whether the "reasonable time" period to bring a Song-Beverly claim should be measured from the statute's date of enactment (September 29, 2024) or date the statute went into effect (January 1, 2025).[1] *See* ECF No. 32. In response, Plaintiff argues that California courts measure reasonableness from a statute's effective date. Pl. Suppl. at 1–2 (citing *Coachella Valley*, 35 Cal. 4th at 1078; *Baldwin v. City of San Diego*, 195 Cal. App. 2d 236, 239 (1961); *Niagara Fire Ins. Co.*, 235 Cal. App. 2d at 42–43; *Krusesky v. Baugh*, 138 Cal. App. 3d 562, 567 (1982)). Ford argues that the retroactivity analysis is not applicable here, *see* Def. Suppl. at 1–2, and that if it is, California courts use the statute's enactment date, *see id.* at 4–5 (citing *Rosefield Packing Co. v. Superior Ct.*, 4 Cal. 2d 120 (1935)).

Although beyond the scope of the requested supplemental briefing, *see* ECF No. 32, the Court begins by addressing Ford's arguments for why the retroactivity analysis is inapplicable. First, Ford argues it is inapplicable because the California Supreme Court has recognized that

[1] The Court also requested briefing on whether the issue is a question of law or fact. ECF No. 32. The Parties agree that it is a question of law. Pl. Suppl. at 3; Def. Suppl. at 4. In addition, the Court noted that *Galdamez v. FCA US LLC*, 830 F. Supp. 3d 982, 986–87 (C.D. Cal. 2026) appeared to have declined to apply section 871.21 retroactively. The Parties again agree that *Galdamez* should not apply here, though for different reasons. Pl. Suppl. at 2–3 (arguing that *Galdamez* did not address when reasonableness is measured from); Def. Suppl. at 1–3 (arguing that *Galdamez* is wrongly decided for numerous reasons).

"remedies the Legislature has created by statute can be eliminated by the Legislature at any time without the due-process concerns on which 'retroactivity' . . . issues are based." Def. Suppl. at 1 (citing *Governing Bd. v. Mann*, 18 Cal. 3d 819, 829 (1977)). But while the California Supreme Court has recognized "[t]his general common law rule," *id.*, it has also specifically instructed that "[l]egislation that shortens a limitations period is . . . applied retroactively to preexisting causes of action, *so long as parties are given a reasonable time* in which to sue," *Coachella Valley*, 35 Cal. 4th at 1091–92 (emphasis added). Thus, the California Supreme Court has endorsed the due-process retroactivity analysis with respect to statutes of limitations, and the Court is bound to follow this directly on-point authority.

Second, Ford argues that the retroactivity analysis is inapplicable because "[t]he ordinary statutes of limitations for Song-Beverly claims was not shortened by section 871.21" because "even without [section] 871.21, trial courts applied Cal. Com. Code § 2725's ordinary four-year statute of limitations to bar implied-warranty claims." Def. Suppl. at 2. However, the four-year statute of limitations ran from the discovery of the claim, *see Paplekaj v. FCA US, LLC*, No. 24-cv-1717-MMA-VET, 2025 WL 863472, at *3 (S.D. Cal. Mar. 19, 2025), whereas—as Ford argues—the new statute of repose precludes discovery rule tolling, *see MACH-1 RSMH, LLC, v. Darras*, 103 Cal. App. 5th 1288, 1302 (2024) ("[S]tatutes of repose are generally not subject to tolling."). Plaintiff seeks to invoke discovery rule tolling in his complaint. Compl. ¶ 37. Drawing all reasonable inferences in Plaintiff's favor, as it must at this time, the Court therefore cannot conclude that the time to file suit was not shortened by section 871.21.

With these threshold issues resolved, the Court turns to the original inquiry: whether the "reasonable time" period to bring a Song-Beverly claim should be measured from the date of enactment or date the statute went into effect. Plaintiff has identified a variety of state court decisions measuring the reasonable time period from the statute's effective date rather than the earlier date of enactment. Pl. Suppl. at 1–2 (citing *Coachella Valley*, 35 Cal. 4th at 1078; *Baldwin*, 195 Cal. App. 2d at 239; *Niagara Fire Ins. Co.*, 235 Cal. App. 2d at 42–43; *Krusesky*, 138 Cal. App. 3d at 567). For example, *Baldwin* explained that "[i]t is well settled that a legislative authority may validly shorten the time within which a right of action may be commenced,

United States District Court
Northern District of California

providing the claimant is allowed by the new statute a reasonable time *after the effective date* of the new limitation within which to bring action on an accrued cause not already barred by the former statute." 195 Cal. App. 2d at 240 (emphasis added). California courts thus appear to have historically assumed that the effective date is the relevant benchmark. *See also, e.g.*, *Wells Fargo & Co. v. City & County of San Francisco*, 25 Cal. 2d 37, 41 (1944) ("[A] statute cannot cut off a right of action without allowing a reasonable time after its effective date for the exercise of the right . . . ."); *Osborne v. County of Los Angeles*, 91 Cal. App. 3d 366, 371 (1979) (measuring "reasonable time after the effective date").

Nonetheless, Ford maintains that California law "establishes that the 'reasonable time' to satisfy due process for the retroactive 'shortening of a time limit provision' runs from the date of the statute's enactment, *not* its effective date." Def. Suppl. at 4. Ford relies on *Rosefield* for this proposition, which explained that "there must be a reasonable time permitted for the party affected to avail himself of his remedy *before the statute takes effect*" and focused on the fact that the plaintiff "had practically an entire year to bring his case to trial, *after the enactment of the amendment*." 4 Cal. 2d at 122–23 (emphasis added). However, *Rosefield* also refers to the fact that "nearly a year elapsed from the *effective date* of the amendment to the time when the 5-year period ended." *Id.* at 123. In addition, Ford cites numerous unpublished California Superior Court cases addressing section 871.21, which hold that "the Legislature provided Plaintiffs with reasonable time to bring suit" because section 871.21 "became law on September 29, 2024, but did not go into effect until January 1, 2025" meaning that "Plaintiffs had more than three months to file claims that would otherwise expire." *Dragus v. Subaru of Am., Inc.*, No. 25PSCV02394, 2026 WL 1440054, at *3 (Cal. Super. Apr. 28, 2026); *see also, e.g.*, *Galaviz v. FCA US LLC*, No. 25STCV18027, 2026 WL 977656, at *3–4 (Cal. Super. Mar. 3, 2026).

The Court is persuaded that the weight of authority favors Plaintiff. *Coachella Valley*, the most recent Supreme Court of California case, uses the effective date as the appropriate measure, as do the majority of cases. *See* 35 Cal. 4th at 1092. Meanwhile, *Rosefield* refers to both the enactment date and the effective date in its analysis, which suggests that the court did not find it necessary to clearly delineate between the two measures given that the at-issue lawsuit was filed

nearly a year after the effective date. *See* 4 Cal. 2d at 123. The Court therefore finds *Rosefield* less persuasive on this question. Finally, Ford's reliance on numerous unpublished Superior Court decisions is improper. *Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1118 (N.D. Cal. 1999) ("California Superior Court decisions . . . are not citable authority."). In any event, none of these cases engage with *Coachella Valley* or the weight of authority on this issue. *See, e.g.*, *Dragus*, 2026 WL 1440054, at *3 (assuming, without citation, that the reasonable time inquiry runs from the enactment date); *Galaviz*, 2026 WL 977656, at *3–4 (citing *Rosefield* for the proposition that the reasonable time inquiry runs from the enactment date). The Court therefore uses the date section 871.21 went into effect.

The Court accordingly cannot say that Plaintiff unreasonably delayed in filing this action less than three months after the statute's effective date and concludes that applying section 871.21 to bar his claims would be improper. *See, e.g.*, *TwoRivers v. Lewis*, 174 F.3d 987, 996 (9th Cir. 1999) (holding that "a time period of less than three months does not constitute a reasonable time for a prisoner to file suit"). The Court therefore need not reach the Parties' remaining arguments concerning the scope of section 871.21's statutes of limitations and repose or whether Plaintiff could avail himself of equitable tolling. Thus, the Court concludes that Ford is not entitled to judgment on the pleadings as to Plaintiff's Song-Beverly claims and DENIES the motion as to counts 1, 2, 3, and 4 of the complaint.

**B. Common Law Fraud**

Ford argues that Plaintiff's claim for fraudulent concealment is subject to dismissal for failure to allege fraud with particularity by not identifying "specific misrepresentations, omissions and intent to deceive," and that, in any case, Plaintiff was required under California Code of Civil Procedure § 338(d) to bring his claim within three years of the date of purchase on November 21, 2018. Mot. at 10–13. Plaintiff responds that he has alleged sufficient factual matter to state a claim for fraud and, as to timeliness, appears to invoke discovery tolling. Opp. at 11–16.

In California, the elements of a fraud claim are (1) defendant's misrepresentation (*i.e.*, false representation, concealment, or nondisclosure); (2) defendant's knowledge of falsity; (3) defendant's intent to defraud (*i.e.*, intent to induce reliance); (4) plaintiff's justifiable reliance;

and (5) plaintiff's resulting damages. *Dhital v. Nissan N. Am. Inc.*, 84 Cal. App. 5th 828, 843 (2022). Federal Rule of Civil Procedure 9 requires a party "alleging fraud or mistake[] . . . [to] state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In other words, a plaintiff must plead the "who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The requisite degree of particularity may vary where the alleged misrepresentation involves an omission (as opposed to an affirmative misrepresentation), as well as where the factual allegations establish "that the defendant necessarily possesses knowledge of the facts." *Quelimane Co. v. Stewart Title Guar. Co.* 19 Cal. 4th 26, 47 (1998).

The complaint's sixth claim alleges that Ford "committed fraud by allowing the Subject Vehicle to be sold to Plaintiff without disclosing that the Subject Vehicle and its transmission was defective and susceptible to sudden and premature failure." Compl. ¶ 65. Plaintiff alleges on information and belief that the Ford "acquired its knowledge of the Transmission Defect prior to Plaintiff acquiring the Subject Vehicle, through sources not available to consumers." *Id.* ¶ 68. The complaint does not identify the alleged defect, instead alleging generally that the vehicle suffered from the same defect "that vehicles equipped with the same 10-speed transmission as the Vehicle suffered from one or more defects that can cause the vehicles and their 10-speed transmissions to experience hesitation and/or delayed acceleration; harsh and/or hard shifting; jerking, shuddering, and/or juddering." *Id.* ¶ 24.

These generic recitations of the elements in what is clearly a form complaint fall well short of Rule 9's particularity requirement. While Plaintiff need not know and plead the mechanical details of the alleged defect, he must at minimum "(1) identif[y] the particular part or system affected by the defect, and (2) describe[] the problems allegedly caused by the defect." *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1115 (C.D. Cal. 2021). Here, Plaintiff has not identified which (if any) of the generalized list of defects identified in Compl. ¶ 24 the vehicle actually suffered from. This failure alone is fatal to Plaintiff's fraud claim. *See, e.g.*, *Galdamez*, 830 F. Supp. 3d at 987–89, at *4; *cf. Clark*, 528 F. Supp. 3d. at 1116 (concluding that the plaintiff's allegations of miscommunication between specific components and systems resulting in

safety failures were sufficient).

Plaintiff's failure to concretely allege the nature of the defect also means that he fails to plausibly allege (let alone allege with particularity) that Ford had knowledge of the defect and actively concealed it from him. Here, the complaint contains only the vague allegation that Ford "has been fully aware of the Transmission Defect" and "actively concealed the existence and nature of the Defect from Plaintiff at the time of purchase, repair, and thereafter." Compl. ¶ 35. Although Plaintiff offers several internal Technical Service Bulletins ("TSBs") as evidence that Ford knew of the alleged defects prior to the sale of the vehicle, *id.* ¶¶ 26–32, he fails to identify the underlying defect, meaning it is not clear from the face of the complaint whether those TSBs even addressed the alleged defect suffered.

Simply stated, Plaintiff fails to "describe with any particularity, what was said during the sales process, what information Plaintiff relied on, who Plaintiff interacted with, and/or what advertising or marketing materials were viewed." *Galdamez*, 830 F. Supp. 3d at 988. This is an additional ground for dismissal. *See Zand v. FCA US LLC*, No. 25-cv-10257-BLF, 2026 WL 905327, at *6 (N.D. Cal. Apr. 2, 2026) ("Plaintiff's boilerplate allegations do not give rise to a plausible inference that FCA knew or should have known of the alleged defect.").

For the sake of completeness, the Court also notes that, even setting aside Plaintiff's failure to allege fraud with particularity, the claim is additionally defective because it appears to be time barred. There is no dispute that the relevant limitations period for Plaintiff's fraud claim is three years from the date of the misrepresentation. *See* Cal. Civ. Code § 338(d). Here, that date would be the date of purchase: November 21, 2018. Because the claim was brought more than three years after the date of purchase, it is time barred unless Plaintiff plausibly invokes equitable tolling or a related doctrine. Here, Plaintiff's generalized assertions of delayed discovery and concealment are insufficient.

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.'" *Fox v. Ethicon*

*Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (alteration in original) (quoting *McKelvey v. Boeing N. Am., Inc.*, 74 Cal. App. 4th 151, 160 (1999)). Plaintiff asserts generally that he did not discover the fraud until recently and makes vague references to various periods of repair. Ford is at minimum entitled to notice of the time and manner of discovery in the pleadings. *See Cmty. Cause v. Boatwright*, 124 Cal. App. 3d 888, 901 (1981) ("The rationale for the rule requiring specificity is that allegations of fraud are serious, and the defendant is entitled to receive sufficient details in order to prepare his defense."). Plaintiff fails to allege any specific facts underlying either the repair attempts or the manner in which he discovered the fraud. His conclusory allegations of fraud are not enough. *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

Finally, Ford also argues that, even if Plaintiff's fraudulent concealment claim was not time barred, Ford had no duty to disclose any material defects because "any alleged concealment by Ford did not arise in a direct transaction between Plaintiff and Ford," and Plaintiff did not allege "any facts at all showing that the seller or dealership from which the vehicle was purchased is an agent of Ford, or any other fact establishing a duty to disclose." Mot. at 12–13.

"[A] duty to disclose a material fact can arise if (1) it is imposed by statute; (2) the defendant is acting as plaintiff's fiduciary or is in some other confidential relationship with plaintiff that imposes a disclosure duty under the circumstances; (3) the material facts are known or accessible only to defendant, and defendant knows those facts are not known or reasonably discoverable by plaintiff (i.e., exclusive knowledge); (4) the defendant makes representations but fails to disclose other facts that materially qualify the facts disclosed or render the disclosure misleading (i.e., partial concealment); or (5) defendant actively conceals discovery of material fact from plaintiff (i.e., active concealment)." *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 40 (2024) (citation omitted). The latter three circumstances have been recognized to "presuppose a preexisting relationship between the parties, such as . . . parties entering into any kind of contractual agreement." *Id.*

California imposes a duty to disclose material facts to immediate purchasers and vendors. *OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.* 157 Cal. App. 4th 835, 859

(2007); *Geernaert v. Mitchell*, 31 Cal. App. 4th 601, 605–06 (1995). The operative issue at the pleadings stage is thus whether Plaintiff has sufficiently alleged "direct dealings between the plaintiff and the defendant." *Rattagan*, 17 Cal. 5th at 41 (quoting *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 312 (2017)). Here, Plaintiff alleges both that he purchased the vehicle at a Ford dealership and that the vehicle was covered by those express warranties, which is sufficient. *Dhital*, 84 Cal. App. 5th at 844 (finding buyer-seller relationship adequately pleaded where plaintiffs alleged that "they bought the car from a Nissan dealership, that Nissan backed the car with an express warranty, and that Nissan's authorized dealerships are its agents for purposes of the sale of Nissan vehicles to consumers").

## IV. ORDER

Fore the foregoing reasons, it is HEREBY ORDERED THAT:

(1) The motion is GRANTED IN PART and DENIED IN PART.

(2) The motion is DENIED as to claim 1 – violation of section 1793.2(d), claim 2 – violation of section 1793.2(b), claim 3 – violation of section 1793.2(a)(3), and claim 4 – breach of the implied warranty of merchantability.

(3) The motion is GRANTED as to claim 6 – fraudulent inducement concealment, which is DISMISSED with leave to amend.

(4) Plaintiff SHALL file an amended complaint within fourteen days of the date of this order. Amendment is limited to curing the defects identified in this order. No new parties or claims may be added without first obtaining leave of the Court.

(5) This order terminates ECF No. 13.

Dated: August 31, 2026

BETH LABSON FREEMAN
United States District Judge