United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK YANDOW,<br>Plaintiff,<br>v.<br>FORD MOTOR COMPANY, et al.,<br>Defendants. | Case No. 25-cv-08174-BLF<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Re: ECF No. 27] |

Before the Court is Plaintiff's motion to remand. *See* ECF Nos. 27 ("Mot."), 29 ("Opp."), 31 ("Reply"). For the following reasons, the motion to remand is DENIED.

## I. BACKGROUND

Plaintiff bought a Ford F-150, which came with a warranty, in 2018. After the alleged discovery of an alleged transmission defect, Plaintiff sued (1) Ford for violations of the Song-Beverly Consumer Warranty Act and fraudulent concealment, ECF No 1-1 ¶¶ 39–57, 63–78 ("Compl."); and (2) Razzari—Ford's authorized California dealership—for negligent repair, Compl. ¶¶ 58–62. Defendants removed the case to federal court on diversity grounds, asserting that Razzari was fraudulently joined (or alternatively, that Razzari was a dispensable party under Fed. R. Civ. P. 21). *See* ECF No. 1.

Defendants then moved for judgment on the pleadings. ECF No. 13. The Court granted the motion in part, dismissing the fraudulent concealment claim with leave to amend. *See* ECF No. 38 at 11. Plaintiff did not file an amended complaint by the designated time. *See id.* ("Plaintiff SHALL file an amended complaint within fourteen days of the date of this order [(i.e., September 14, 2026)].").

Plaintiff moves to remand.

United States District Court
Northern District of California

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts enjoy jurisdiction only where authorized by the Constitution or Congress. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1332(a) vests in district courts the authority to hear diversity actions. Diversity jurisdiction exists when the suit is between "citizens of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A defendant may remove "any civil action brought in a [s]tate court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a).

## III. DISCUSSION

### A. Waiver

The parties first dispute whether the motion to remand is timely. Plaintiff argues that the motion is timely because a challenge to a federal court's lack of subject matter jurisdiction cannot be waived. Mot. at 3. Ford agrees that Plaintiff may challenge subject matter jurisdiction but contends that Plaintiff has waived "argument regarding the sufficiency of the removal notice's allegations . . . ." Opp. at 4 (citing *DaCosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1181 (D. Or. 2001)); *see also* Mot. at 8 (characterizing Ford's notice of removal as "insufficient" and as making "conclusory" assertions of "non-viab[ility]").

Plaintiff has not (and cannot) waive his right to move for remand for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (motions to remand based on "any defect ***other than*** subject matter jurisdiction must be made within 30 days after the filing of the notice of removal" (emphases added)). That being said, a plaintiff can waive their right to challenge ***defects*** in a notice of removal if the thirty-day period elapses. *See DaCosta*, 180 F. Supp. 2d at 118.

On reply, Plaintiff attempts to distinguish *DaCosta* as concerning "procedural[s] defects," the implication being that the motion at bar concerns merits defects. Reply at 1. That argument is not convincing. The "procedural defect" challenged in *DaCosta* was that the "removal notice . . . [did] not sufficiently allege essential facts to support a claim of fraudulent joinder." 180 F. Supp. 2d

at 1181. Accordingly, while labeled as a procedural defect, the challenge in *DaCosta* was ultimately directed at the substantive merits of the notice of removal. Consequently, Plaintiff has waived any challenge to the notice of removal by failing to lodge such a challenge within thirty days of the filing of the notice of removal. *See* 28 U.S.C. § 1447(c).

That being said, the Court does not read Plaintiff's brief as lodging a formal challenge to the sufficiency of the notice of removal. Rather, in the Court's view, Plaintiff invokes the notice of removal merely for the proposition that the record before the Court—at the time of Defendant's notice of removal—lacked proof of non-viability. *See* Mot. at 3–4. Accordingly, while Defendant is technically correct that Plaintiff has waived challenges to the removal notice, Plaintiff does not invoke the sufficiency of the removal notice as ground for remand. Consequently, waiver is inapplicable here.

**B. Fraudulent Joinder**

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare*, 889 F.3d at 548 (cleaned up). Ford contends both forms of fraudulent joinder. But because the issue is dispositive, the Court addresses only the second prong: the inability of Plaintiff to establish a cause of action against Razzari in federal court.

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Defendants must "show that the individuals joined in the action cannot be liable on any theory," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "[D]oubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. Apr. 18, 2001) (cleaned up).

Defendants argue that there is no possibility Plaintiff can recover against Razzari because Plaintiff's negligent-repair claim is barred by the economic loss rule. *See* Opp. at 5–9. The economic loss rule guards the "elusive boundary line between tort and contract law." *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 19 (2024). Under the economic loss rule, "there is no recovery in tort for *negligently* inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Rattagan*, 17 Cal. 5th at 20 (original emphasis). In other words, "[t]he economic loss rule requires a [contractual party] to recover in contract for purely economic loss due to disappointed expectations, unless [the party] can demonstrate harm above and beyond a broken contractual promise." *Id.* Specifically, "'[t]ort recovery for breach of a contract duty is generally barred' unless (1) 'the defendant's injury-causing conduct violated a duty that is independent of the duties and rights assumed by the parties when they entered the contract'; and (2) 'defendant's conduct must have caused injury to persons or property that was not reasonably contemplated by the parties when the contract was formed.'" *Bakhtiari v. Nissan N. Am., Inc.*, 2025 WL 2380964, at *1 (N.D. Cal. Aug. 15, 2025) (quoting *Rattagan*, 17 Cal. 5th at 20–21).

Defendant argues that Plaintiff seeks "recovery for purely economic losses" arising from Defendant's alleged "negligent failure to perform repair obligations arising for a warranty agreement." Opp. at 6. Therefore, the argument goes, Razzari was fraudulently joined. *Id.* The Court agrees. As in *Bakhtiari*, the "sole claim alleged against" Razzari is negligent repair, and "the only plausible duty" Razzari "could have owed" Plaintiff "arose from" the warranty contract. 2025 WL 2380964, at *1. Consequently, Razzari's citizenship is properly disregarded for purposes of evaluating diversity jurisdiction.

Plaintiff raises several arguments in protest; none is convincing.

***First***, Plaintiff argues that "[a] negligent repair claim arises from the dealership's independent tort duty" and is hence "not displaced by the economic loss rule." Mot. at 9. But the problem here is that Plaintiff has failed to identify ***any*** cognizable independent duty. Indeed, it is telling that Plaintiff's principal authority for its position was applying Pennsylvania and Arizona—not California—law. *See Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1019 (9th Cir. 1970) (applying Pennsylvania law to negligent breach of warranty claim and Arizona law



United States District Court
Northern District of California

to "negligence on a pure tort theory"). Perhaps even more telling is counsel for Plaintiff's concession during the November 5, 2026, hearing that it could not distinguish *Rattagan* from the case at bar.

***Second***, Plaintiff argues that any legal ambiguities "must be resolved in Plaintiff's favor on a fraudulent joinder analysis." Mot. at 9. That is true, but the Court discerns no legal ambiguity here. Even though an independent tort duty may survive the economic loss rule, Plaintiff must demonstrate that such an independent duty exists. Here there is none.

***Third***, Plaintiff argues that "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product . . . causes to other portions of a larger product . . . into which the former has been incorporated." Opp. at 9 (citing *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002)). The complaint, the argument continues, "alleged defects affecting the TCM, PCM, and related transmission components, and the propagation of damage from those components to the transmission, drivetrain, and Vehicle as a whole." *Id.* (citing Compl. ¶ 12).

The Court has reviewed the complaint in whole and is not convinced that *Jimenez* applies. The implicit upshot of Plaintiff's position is that all it takes to invoke *Jimenez*'s "component parts" exception is to allege more than a single defect. *Jimenez* does not purport to go that far. To the contrary, *Jimenez*'s holding was narrow. The Court left open the broader question of "whether there may be situations in which the economic loss rule would bar recovery for damages that a defective component part causes to other portions of the finished product of which it is a part." *Jimenez*, 29 Cal. 4th at 484. The Court "h[e]ld ***only*** that . . . the economic loss rule does not bar a homeowner's recovery in tort for damage that a defective window causes to other parts of the home in which it has been installed." *Id.* (emphasis added). And even if *Jimenez* is read for the broader "component parts" exception outside of its factual context, Plaintiff has wholly failed to allege any causal links between the alleged defects. *See* Compl. ¶ 12.

***Fourth***, Plaintiff argues that "Ford has not shown that Plaintiff would be unable to amend his Complaint to allege a viable theory." Mot. at 9. To be sure, in assessing fraudulent joinder, the Court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 549; *accord Baiul-Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) ("[T]here is no possibility that the ***operative*** complaint stated any

cause of action against [the allegedly fraudulently joined defendant]." (emphasis added)). Here, however, the Court finds that leave to amend would not cure the deficiencies in the complaint. There is no possibility that Plaintiff could plead around the economic loss rule as discussed in *Rattagan* where his allegations regarding negligent repair completely overlap and are identical to the breach of warranty claim. Further, the complaint is wholly devoid of even a hint that *Jiminez* might apply. It is not enough, as discussed earlier, for a complaint merely to allege more than one defect. Nor did Plaintiff submit a proposed amended complaint or otherwise suggest or explain how leave to amend would be possibly curative. Accordingly, leave to amend would not cure the complaint's deficiencies.

* * *

In sum, the Court finds that Ford has carried its burden of showing that Razzari was fraudulently joined because Plaintiff is unable to establish a cause of action against Razzari in federal court.

## IV. ORDER

For the foregoing reasons, the motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: November 20, 2026

BETH LABSON FREEMAN
United States District Judge